[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 30, 2008
THOMAS K. KAHN
CLERK

No. 07-15073
Non-Argument Calendar

_____

D. C. Docket No. 06-21595-CV-WMH

FELIX LOBO,
LIZA SUAREZ,

Plaintiffs-Appellants,

versus

MICCOSUKEE TRIBE OF INDIANS OF FLORIDA,
BILLY CYPRESS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 30, 2008)**

Before ANDERSON, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Appellants Felix Lobo and Liza Suarez appeal the dismissal of their Fair

Labor Standards Act, 29 U.S.C. § 201 ("FLSA"), complaint. The district court dismissed the complaint because the Appellees, the Miccosukee Tribe and its chairman Billy Cypress, enjoy sovereign immunity. On appeal, the Appellants argue that the district court erred because the FLSA is a statute of general application that applies to Indian tribes.

In Florida Paraplegic, Association, Inc. v. Miccosukee Tribe of Indians of Florida, 166 F.3d 1126 (11th Cir. 1999), we addressed precisely that issue.[1] We noted that although the district court was correct that the Act – in that case the Americans with Disabilities Act – applied to Indian tribes, there was no indication that Congress intended to waive Indian sovereign immunity to suit on that act. We also noted that whether or not a tribe may be subject to a statute and whether or not a tribe may be sued for violating a statute are "two entirely different questions." Id. at 1130. A tribe is not subject to suit unless the tribe waives its immunity or Congress expressly abrogates it. Id. at 1131. We observed that in order for Congress to have expressly abrogated immunity, it must have made its intention "'unmistakably clear in the language of the statute.'" Id. (quoting Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 242, 105 S.Ct. 3142, 3147

---

[1] Although Florida Paraplegic involved a different statute, the case is analogous to the instant case in that it also involved a statute of general applicability (i.e. the ADA) and it involved the application of that statute to a similar commercial business of the tribe.

2

(1985)).

Turning to the text of the FLSA, it is clear that there is no such indication that Congress intended to abrogate the tribe's immunity to suit. Indeed there is no mention of tribes in the text of the statute. Therefore, the district court did not err when it dismissed the complaint with regard to the Appellant tribe.

Turning to its chairman, Appellant Billy Cypress, it is equally clear that he is immune from suit based on the FLSA. In Tamiami Partners v. Miccosukee Tribe of Indians of Florida, 177 F.3d 1212 (11th Cir. 1999), we noted that "tribal officers are protected by tribal sovereign immunity when they act in their official capacity." Id. at 1225. There is no allegations that Cypress was not acting in his official capacity and therefore he is immune from suit.

**AFFIRMED**.[2]

---

[2] Appellants' request for oral argument is denied.